UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES MURRAY, a/k/a JAMES HINES, Petitioner, | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 10-11019-GAO |
| B.A. BLEDSOE, Respondent. | ) ) ) ) | |
| JAMES MURRAY, a/k/a JAMES HINES, Petitioner, | ) ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 11-10905-GAO |
| B.A. BLEDSOE, COMMONWEALTH OF MASSACHUSETTS, & U.S. PAROLE COMMISSIONER, Respondents. | ) ) ) ) ) ) | |

OPINION AND ORDER
September 11, 2012

O'TOOLE, D.J.

The petitioner, James Murray, also known as James Hines, is presently serving a federal sentence at a United States Penitentiary in Lewisburg, Pennsylvania. Upon his release from federal custody, he is subject to a Massachusetts detainer stemming from convictions in 1982 for armed robbery, unlawful possession of a firearm, and escape. Since 2003, the United States Parole Commission has ordered the petitioner paroled to the custody of Massachusetts authorities on at least three occasions. Each time the petitioner has refused to sign the parole certificate, nullifying the parole.

On June 9, 2010, the petitioner, proceeding pro se, filed a petition for habeas corpus with the United States District Court for the Middle District of Pennsylvania. He filed another petition with that court on May 3, 2011. Subsequently, both petitions were transferred to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 1404(a). Due to their significant overlap, the Court will consider the two petitions together.

In his June 9, 2010 petition (10-cv-11019), the petitioner raises three claims and seeks a variety of relief. He names as respondents Warden B. A. Bledsoe of the federal penitentiary, the "U.S. Parole Commissioner," and "Massachusetts." (Pet'r's Pet. 5 (dkt. no. 1).) In his petition he claims that Assistant United States Attorney ("AUSA") Mary C. Roemer prompted the Parole Commission to parole him to the custody of Massachusetts authorities in order to retaliate against him for exercising his First Amendment right to petition the court. He contends that any Parole Commission order paroling him to the Massachusetts detainer is thus "contrary to [a] constitutional right," 5 U.S.C. § 706(2)(B), and therefore must be set aside pursuant to 5 U.S.C. § 706(2). Second, he claims that the Appellate Division of the Massachusetts Superior Court has refused to decide the merits of his claim that the imposition of his Massachusetts sentences consecutive to his federal sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. He asks that this Court compel the Appellate Division to render judgment on the merits of his claim and order the Massachusetts Supreme Judicial Court to review that judgment after it has been issued. Third, he claims that Mass. Gen. Laws ch. 278, § 28B violates the Fourteenth Amendment's due process guarantee insofar as it grants the Appellate Division the authority to render a "final and unreviewable" judgment on the petitioner's Eighth Amendment claim "without written judgment." (Pet'r's Supplemental Pet. 2 (dkt. no. 1-1).) He requests that this Court, among other things, certifies "the questions of law presented" in his

petition to the Supreme Judicial Court of Massachusetts and recommend that that court "revisit the matter." (Id. at 5.)

In his May 3, 2011 petition (11-cv-10905), the petitioner challenges the Bureau of Prisons' decision to deny him halfway house placement upon his parole from federal custody in light of the Massachusetts detainer. He requests, for substantially the same reasons outlined in his June 9, 2010 petition, that the Court issue "a judicial recommendation" to Warden Bledsoe, instructing him "to ignore the Massachusetts detainer . . . [and] release the petitioner immediately to a D.C. halfway house." (Pet'r's Pet. 5.)

With respect to the purported challenges to his Massachusetts convictions and sentences, it is significant that the petitioner has filed at least one previous petition for habeas relief under 28 U.S.C. § 2254. See Hines v. Shannon, No. 89-0740 (D. Mass. July 5, 1989), aff'd, 893 F.2d 1326 (1st Cir. 1989). Pursuant to 28 U.S.C. § 2244(b)(3), this Court may not consider a second § 2254 petition unless and until the prisoner has obtained an order from the First Circuit Court of Appeals authorizing its consideration. Perhaps cognizant of this procedural hurdle, the petitioner casts his present petition as one brought pursuant to 28 U.S.C. § 2241. Nevertheless, the law in this circuit is clear that "no matter what statutory label a prisoner uses," a petition challenging state custody must comply with the restrictions that govern applications for relief under § 2254. See Gonzalez-Fuentes v. Molina, 607 F.3d 864, 875 n.9 (1st Cir. 2010) (citing Brennan v. Wall, 100 F. App'x 4, 4 (1st Cir. 2004) (per curiam)). Thus, to the extent the petitioner here seeks to challenge the constitutionality of his Massachusetts sentences, his petition is barred as second and successive petition absent an order from the First Circuit Court of Appeals authorizing its consideration.

As to the claims against federal officials, the proper respondent in a petition under § 2241 is Murray's custodian, who is Warden Bledsoe. Despite the transfer order, however, this Court lacks personal jurisdiction over Warden Bledsoe. The claims in the two petitions directed at Bledsoe, or other custodial officials, including the "Parole Commissioner," must be dismissed for want of jurisdiction. See, e.g., Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000).

For the foregoing reasons, the respondents' Motions to Dismiss (dkt. no. 28 (10-cv-11019) & dkt. no. 15 (11-cv-10905)) are GRANTED, and both petitions are DISMISSED.

Since the petitioner has not raised a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge